**David S. HUDSON**

v.

**COMMONWEALTH of Virginia.**

**Record No. 1012–94–1.**

Court of Appeals of Virginia,
Norfolk.

Oct. 24, 1995.

R. Bruce Long, Hayes, for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

Present: BAKER, BRAY and OVERTON, JJ.

OVERTON, Judge.

■  David Hudson was convicted in a bench trial of operating a vehicle while under the influence of alcohol based on the results of a blood test.  Hudson claims that the blood test as administered did not meet the statutory procedural requirements and therefore the results should be inadmissible.  We

agree with this contention and for the following reasons reverse the conviction.

Hudson was observed driving erratically and was stopped by a police officer. Being advised of Virginia's implied consent law, Hudson elected a blood test and was driven to a nearby hospital. The arresting officer testified that the nurse cleaned Hudson's arm with a "benadine solution."

The Code requires that when the Commonwealth draws blood for the purposes of an alcohol or drug test, the part of the body from which the blood is taken must be cleansed with "soap and water, polyvinylpyrrolidone iodine or benzalkonium chloride." Code § 18.2–268.5. The record in this case states that "benadine" was used to clean appellant's arm.

Substantial compliance with the statutory requirement is sufficient to render test results admissible. Code § 18.2–268.11. However, nothing in the record supports the argument that using "benadine" substantially complies with the statute. Benadine is an unknown solution. No evidence was presented as to the chemical properties of benadine. The Commonwealth never addressed the possibility that "benadine" was anything else, or that the appellation was made in error. Absent such evidence, a finding of substantial compliance cannot be supported.

When the Commonwealth fails to meet its statutory requirements concerning blood tests, the results of those blood tests cannot be admitted at trial. *Thurston v. City of Lynchburg*, 15 Va.App. 475, 481, 424 S.E.2d 701, 704 (1992). Without the results of the blood test, the conviction must be reversed.

*Reversed and dismissed.*